**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

MARCUS ANTHONY TERRELL,

    Plaintiff,

v.

DOUG WILLIAMS; MS. THOMPSON; CAPTAIN WICKER; JOHN DOE OFFICIALS; OFFICER BEAR; and UNKNOWN INSURANCE PROVIDERS,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-104

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order. For the following reasons, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis* before this Court. (Docs. 2, 6, 10.) Additionally, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint, as amended, (docs. 1, 9), for Plaintiff's failure to prosecute and failure to follow this Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

On August 1, 2017, Plaintiff proceeding *pro se*, filed a Complaint, pursuant to 42 U.S.C. § 1983, contesting the conditions of his confinement while housed at Smith State Prison in Glennville, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court deferred ruling on that Motion and directed Plaintiff to amend his

Complaint because "Plaintiff's 164-page Complaint with allegations against a multitude of officials—named and unnamed—is a shotgun pleading and, in its current form, fails to state a viable claim." (Doc. 5, p. 4.)

Plaintiff filed an Amended Complaint, (doc. 9), and I recommended dismissal because "Plaintiff's Amended Complaint is still a shotgun pleading, and the Court cannot tell which allegations of fact are intended to support which claim(s) for relief." (Doc. 14, p. 6 (citations and quotations omitted).) However, Plaintiff filed Objections to this Report and Recommendation, explaining that many of incidents were related because they were retaliatory actions taken after Plaintiff filed grievances regarding Smith State Prison's mail policy. (Doc. 15, p. 6.) Accordingly, the Court provided Plaintiff with yet another opportunity to amend his Complaint. (Doc. 17.)

The Court again provided detailed and specific instructions regarding how to file a properly amended complaint. (Id. at p. 3.) The Court further warned Plaintiff that a failure to properly amend would result in dismissal. (Id.) Despite these detailed instructions and warnings, Plaintiff failed to file any amendment. Indeed, the Court's Order directing Plaintiff to amend was returned as undeliverable because Plaintiff has since been released from prison. (Doc. 18.) However, Plaintiff has not filed a notice of change of address with the Court or taken any action in this case for over three months.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## I. Dismissal for Failure to Prosecute and Failure to Follow this Court's Order

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b), ("Rule 41(b)"), or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

3

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

The Court issued an Order directing Plaintiff to file a Second Amended Complaint and provided specific instructions as to how Plaintiff could amend to state a plausible claim. (Doc. 17, p. 3.) The Court warned Plaintiff that, if he "fail[ed] to abide by this directive, the Court will dismiss this case for failure to prosecute and failure to follow a Court Order." (Id. at pp. 3–4.) However, Plaintiff ignored the Court's instructions entirely and failed to submit a Second Amended Complaint. Plaintiff was given ample time to follow the Court's directive but failed to make any effort to do so. Additionally, with Plaintiff having failed to update the Court

with his current address, the Court has no means by which it can communicate with Plaintiff. Finally, Plaintiff has failed to diligently prosecute his claims, as he has not taken any action in this case in over three months.

Accordingly, the Court should **DISMISS without prejudice** Plaintiff's Complaint, as amended, (docs. 1, 9), for failure to prosecute and failure to follow this Court's Order.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*. (Docs. 2, 6, 10.) Additionally, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's case for Plaintiff's failure to prosecute and failure to follow this Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of February, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA