IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARCUS ANTHONY TERRELL,    *
                           *
    Plaintiff,             *
                           *
        v.                 *    CV 617-104
                           *
DOUG WILLIAMS, Warden at Smith  *
State Prison; MS. THOMPSON,     *
Smith State Mail Room Official; *
CAPTAIN WICKER, Smith State     *
Prison; JOHN DOE OFFICIALS,     *
Smith State Prison; OFFICER     *
BEAR; and UNKNOWN INSURANCE     *
PROVIDERS,                      *
                                *
    Defendants.                 *

**O R D E R**

Pending before the Court is Plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (Doc. 25.) In short, Plaintiff seeks relief from the Court's Order dismissing his case for failure to prosecute and requests a stay in the proceedings. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## I.  BACKGROUND

Plaintiff, a state prisoner proceeding pro se, filed this case pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement at Smith State Prison. (See generally Compl., Doc.

1.) He requested leave to proceed in forma pauperis ("IFP"), but the Court deferred ruling on that motion until Plaintiff filed an amended complaint that stated his claims more coherently than his original 164-page complaint. (Order of Aug. 17, 2017, Doc. 5, at 4.) Plaintiff filed his Amended Complaint, but the United States Magistrate Judge found it suffered from the same inadequacies as his original complaint and recommended dismissal without prejudice. (Report & Recommendation ("R&R"), Doc. 14, at 2, 5-6.) Plaintiff filed an Objection to the R&R, which finally clarified for the Court the constitutional violations he originally alleged. (See Objection, Doc. 15.) The Magistrate Judge considered Plaintiff's Objection and vacated the previous R&R, giving Plaintiff an opportunity to file another amended complaint. (Order of November 22, 2017, Doc. 17, at 2-3.)

Plaintiff, however, never received notice of that Order or the instruction to file another amended complaint. The Order of November 22nd was sent to an address provided by Plaintiff at the Gwinnett County Detention Center ("GCDC"),[1] but it was returned as undeliverable. (Doc. 18.) Plaintiff had been transferred out of that facility before the Order of November 22nd was delivered, and he did not inform the Court of his new address after his transfer out of GCDC.

---

[1] Plaintiff filed a notice of change of address on October 27, 2017, informing the Court of his GCDC address. (Doc. 16.)

Without notice of the Court's Order, Plaintiff failed to file an amended complaint. As such, the Magistrate Judge entered a R&R on February 5, 2018, that Plaintiff's case be dismissed without prejudice for failure to prosecute. (R&R, Doc. 19, at 1, 5-6.) Plaintiff was mailed a copy of the R&R at GCDC, but it was again returned as undeliverable. (Doc. 20.) Plaintiff claims that he sent a letter on February 9th to the Clerk's Office requesting an update on the status of his case. While Plaintiff provided a tracking number for that letter, the letter is not in the record of the case. For the purposes of this motion, the Court will give Plaintiff the benefit of the doubt that he attempted to request a status update.

On March 7, 2018, having heard no objections to the R&R, the Court entered an Order adopting the R&R and dismissing Plaintiff's case for failure to prosecute. (Order of March 7, 2018, Doc. 21.) Plaintiff was mailed a copy of the Order, and, in what had become a predictable pattern, that mail was returned as undeliverable. (Doc. 23.) Just a few days later, Plaintiff filed a notice of change of address informing the Court that he would be returning to GCDC on March 30th. (Doc. 24.) This notice informed the Court that Plaintiff had not received any of the Court's R&Rs or Orders since he filed his Objection on October 25, 2017. (Id.) After updating his location, the Clerk did not forward Plaintiff any of the documents previously returned as undeliverable.

3

Thus, from early December 2017 until March 30, 2018, Plaintiff was housed at another correctional facility than the one to which the Clerk was sending his mail. It was during this period that all of the R&Rs and Orders relevant to Plaintiff's case were mailed to him at the wrong address.

Finally, Plaintiff sent a letter to the Clerk's Office on July 13, 2018, requesting a status update on this case.[2] According to Plaintiff, he received a response on July 25th.[3] Plaintiff then filed this motion two months later requesting relief from judgment for excusable neglect.

## II. LEGAL STANDARD

Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (citing Pioneer Inv.

---

[2] The Clerk received the letter and retained it but did not docket it. The July 13th letter is attached to this Order as Exhibit A.
[3] Typically, the Court sends a copy of the docket in response to requests for status updates.

4

Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)).

"[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission . . . includ[ing] the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (internal quotations and alterations omitted) (citing Pioneer, 507 U.S. at 395). Finally, Rule 60(b) motions are left "for the district court's sound direction." Green v. United States, 2015 WL 4944808, at *3 (S.D. Ga. Aug. 19, 2015) (quoting Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014)).

### III. DISCUSSION

Plaintiff seeks to set aside the Court's Order dismissing his case because he never received notice of the dismissal or the Court's previous rulings in the case. He argues that his letters demonstrate diligence in keeping the Court updated on any changes in his location and that the multiple transfers between correctional facilities "caused confusion in the service of [his] mail." (Pl.'s Rule 60(b) Mot., Doc. 25, at 3.)

It is irrefutable that Plaintiff never received the Order granting him leave to amend his complaint, the R&R to dismiss his case, or the Court's adoption Order. (Docs. 18, 20, 23.) While Plaintiff did fail to formally update the Court of his location after being transferred out of GCDC in December 2017, he did file two notices of change of address each time he returned to GCDC. Plaintiff also wrote a letter to the Clerk's Office on February 9, 2018, requesting a status update, and another letter on July 13, 2018. Finally, in his March 19, 2018 notice of change of address, Plaintiff informed the Court that he had not received any R&Rs or Orders since October 2017. It can therefore be said that Plaintiff was reasonably diligent in remaining updated on his case.

Turning to the Pioneer factors described above, the Court finds no immediately apparent reason why Defendants would be prejudiced considering they have yet to be served in this case. Next, the length of delay by Plaintiff was minor because he requested a status update on February 9th, just four days after the dismissal R&R was entered. Also, Plaintiff filed a notice of change of address on March 26th, just three weeks after the Court's Order dismissing the case. This motion, while not immediately filed, is still timely under the one-year limit set for Rule 60(b)(1) motions. See FED. R. CIV. P. 60(c)(1). Further, the Court finds the reason for the delay, Plaintiff's failure to receive notice due to multiple transfers, is not completely under his

control. Although updating the Court of address changes is Plaintiff's duty, transfers between correctional facilities is outside his control. Finally, Plaintiff's multiple letters sent to the Court requesting status updates demonstrate he acted in good faith in attempting to stay appraised of what was happening in his case. Simply put, Plaintiff did not have notice of the Court's R&R and dismissal Order, despite reasonable attempts to stay updated on his case status.

The Court also notes that Plaintiff is litigating this case as a pro se prisoner. While Plaintiff's unrepresented status does not excuse mistakes regarding procedural rules,[4] it is relevant in making "an equitable decision" that considers all the circumstances of Plaintiff's neglect. See Cheney, 71 F.3d at 850. Accordingly, the Court finds, in its sound discretion, that Plaintiff's neglect is excusable, and he is entitled to relief from the Order dismissing his case.

Plaintiff also seeks a stay in this action until he can return to Autry State Prison where his case files are located. Instead, the Court will grant Plaintiff twenty-one days to amend his complaint and provide the November 22nd Order and his prior Amended Complaint.

---

[4] McNeil v. United States, 508 U.S. 106, 113 (1993).

7

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion for relief from judgment is **GRANTED IN PART AND DENIED IN PART**. Because Plaintiff demonstrated excusable neglect, his motion for relief from the Court's dismissal Order is **GRANTED**. The Order of March 7, 2018, is hereby **VACATED**. The Clerk is **DIRECTED** to **REOPEN** this case and place it on the active docket. Plaintiff is **DIRECTED** to file a Second Amended Complaint within **twenty-one (21) days** from the date of this Order. That amended complaint must comply with the Court's instructions in the November 22nd Order.

Plaintiff's motion for a stay in the proceedings is **DENIED**. The Clerk is further **DIRECTED** to mail Plaintiff a copy of this Order, the Court's November 22nd Order (doc. 17), and Plaintiff's Amended Complaint (doc. 9), to Gwinnett County Detention Center, 2900 University Pkwy., Lawrenceville, GA 30043 and to Autry State Prison, P.O. Box 648, Pelham, GA 31779.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of November, 2018.

```
                          _____
                          J. RANDAL HALL, CHIEF JUDGE
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF GEORGIA
```