IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 4:25 pm, May 09, 2019

| | |
|---|---|
| MARCUS ANTHONY TERRELL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-104 |
| v. | |
| DOUG WILLIAMS, et al., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently an inmate at Autry State Prison in Pelham, Georgia, filed this action under 42 U.S.C. § 1983 while incarcerated at Calhoun State Prison in Morgan, Georgia, to contest certain conditions of confinement which occurred during his incarceration at Smith State Prison in Glennville, Georgia.  Doc. 1 at 3, 5; Doc. 30.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation

## BACKGROUND

Although this action has yet to be served on Defendants, the procedural history is extensive. On August 1, 2017, Plaintiff filed his initial Complaint (consisting of 146 pages, with attachments), docs. 1, 1-1, 1-2, 1-3, and a motion to proceed *in forma pauperis*, doc. 2. The Court found that the documents submitted "fail[ed] to state a viable claim" and ordered Plaintiff to file an Amended Complaint, providing detailed instructions. Doc. 5 at 4–5. The Court ordered Plaintiff to "draft his Amended Complaint on the complaint form provided by the Clerk of Court" and to "add no more than ten (10) pages to the form." Id. (emphasis in original). The Court also cautioned Plaintiff that failure to abide by these instructions could result in dismissal. Id. at 7.

Plaintiff submitted an Amended Complaint on September 25, 2017 ("First Amended Complaint"). Doc. 9. On October 13, 2017, the Magistrate Judge recommended Plaintiff's action be dismissed without prejudice for failure to prosecute and failure to follow this Court's Order. Doc. 14 at 1. Notably, the Court found Plaintiff's 29-page Amended Complaint amounted to only an "abbreviated version of his original Complaint." Id. at 5. Despite providing "specific instructions as to how [to] amend to state a plausible claim," the Court still could not "tell 'which allegations of fact are intended to support which claim(s) for relief.'" Id. at 5–6 (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002)). Additionally, the Court found that Plaintiff "utterly side-step[ped] the Court's directive to add no more than ten (10) pages" to the Complaint form "by simply referring to the attachments in his original Complaint." Id. at 5–6.

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

On October 25, 2017, Plaintiff submitted timely objections to the October 13, 2017 Report and Recommendations. Doc. 15. In his objections, Plaintiff, for the first time, provided a somewhat comprehensible description of at least some of the constitutional violations he is attempting to assert in this action. Doc. 15. Because Plaintiff's objections provided some insight into the claims Plaintiff intended to assert, the Court, in a November 22, 2017 Order, provided Plaintiff another opportunity to amend his Complaint and vacated the original Report and Recommendation. Doc. 17 at 2–3. The Court again provided Plaintiff with a detailed set of instructions for amending his complaint.[2] Id. at 3; see also Doc. 5 at 4–5 (containing the same 11-point list). The Court warned Plaintiff—for the second time—that failure to follow the Court's instructions may result in dismissal. Doc. 17 at 3.

The Clerk's Office mailed a copy of the November 22, 2017 Order to Plaintiff at the last known mailing address Plaintiff provided to the Court. Doc. 18. However, the post office returned the Order as undeliverable. Id. The Court found that Plaintiff failed to file "a notice of change of address with the Court" or "take[] any action in [his] case for over three months," and issued a Report on February 5, 2018 recommending the action be dismissed. Doc. 19 at 2–3; Doc. 21. Chief Judge J. Randal Hall adopted this recommendation as the opinion of the Court, and the Clerk of Court closed this case on March 7, 2018. Docs. 21, 22.

On March 26, 2018, Plaintiff updated his address with the Court, wrote that he had not received any Orders from the Court since filing his objections on October 25, 2017, and asked the Court to mail him any Orders issued after that date. Doc. 24. Around six months later, on

---

[2] The Court instructed Plaintiff to "pay special attention to the underlined directives in parts (3), (6), (7), and (9) of the . . . list." Id. at 2–3. Directive (3) told Plaintiff to "add no more than ten (10) pages" to the Court-provided form for pro se § 1983 complaints. Id. at 3. Directive (6) stressed providing "only factual allegations" rather than legal conclusions. Id. Directive (7) required Plaintiff bring claims arising from "the same transaction or occurrence or series of related transactions or occurrences." Id. Finally, Directive (9) instructed Plaintiff to "omit all legal argument or conclusions." Id.

September 24, 2018, Plaintiff filed a Rule 60(b) motion requesting the Court reopen this action. Doc. 25. The Court noted that "Plaintiff . . . fail[ed] to formally update the Court of his location after being transferred . . . in December 2017" and that "updating the Court of address changes is Plaintiff's duty." Doc. 26 at 6–7. However, the Court also found that "from early December 2017 until March 30, 2018, Plaintiff was housed at another correctional facility than the one to which the Clerk was sending his mail[,]" and observed that, while Plaintiff was partially at fault, the "transfers between correctional facilities [were] outside [Plaintiff's] control." Doc. 26 at 4, 7. The Court, therefore, gave Plaintiff "the benefit of the doubt," reopened the case, and directed Plaintiff to "file a Second Amended Complaint" in compliance with the instructions provided in the Court's November 22, 2017 Order.[3] Id. at 3, 6–8.

Before filing his Second Amended Complaint, Plaintiff first moved for an extension. Doc. 27. The Court, again exercising its discretion in Plaintiff's favor, granted Plaintiff a 30-day extension. Doc. 28. However, the Court explicitly reminded Plaintiff—yet again—that "his [Second] Amended Complaint must comply with the Court's November 22, 2017 Order." Id.

Plaintiff submitted his Second Amended Complaint on February 4, 2019. Doc. 29. Plaintiff did not follow the Court's directives to limit attachments to 10 pages, provide "only factual allegations[,]" and "omit all legal arguments and conclusions" despite the Court's best attempts to emphasize the importance of these requirements. Doc. 17 at 2–3; Doc. 5 at 4–5; Doc. 14 at 5–6; Doc. 28; compare Doc. 9 at 7–17, with Doc. 29 at 12–18. Though the Court instructed Plaintiff to "only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences[,]" Plaintiff's Second Amended Complaint describes a multitude of different claims, including challenges to the copy policies at Smith State Prison,

---

[3] The Court also directed the Clerk of Court to mail the Court's November 22, 2017 Order, doc. 17, as well as other relevant documents, to Plaintiff. Id. at 8.

his issues receiving legal books from the prison's mail room, an alleged lack of medical treatment, various disciplinary reports received, placement in segregated confinement, and his transfer to a different institution.  Doc. 17 at 3 (emphasis in original); Doc. 29 at 12–17. Moreover, despite the Court's repeated warnings about duplicative and unnecessary attachments and its specific directive to limit the length of the initial Complaint, Plaintiff's Second Amended Complaint consists of the Court's 11-page form, id. at 1–11, seven handwritten pages, id. at 12–18, and 32 pages of attached documents, docs. 29, 29-1, 29-2, 29-3, 29-4, 29-5.[4]

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directive.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Follow this Court's Order**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).

---

[4] In the (later vacated) Report and Recommendation regarding Plaintiff's First Amended Complaint, the Court found that Plaintiff "utterly side-stepped the Court's directive[s]" by simply referring to attachments to his original Complaint rather than briefly describing the necessary factual allegations therein.  Doc. 14 at 5–6.  Plaintiff received this Report and Recommendation and objected to it.  Doc. 15.  Moreover, the Court reiterated and emphasized the same set of directives in the November 17, 2017 Report and Recommendation which Plaintiff was required to follow.  Compare Doc. 17 at 2–3, with Doc. 5 at 4–5, and Doc. 14 at 5–6.  Despite the Court's instructions, the Second Amended Complaint, like the First Amended Complaint, continues to refer to exhibits Plaintiff submitted in his original Complaint.  Doc. 29 at 7–8.

"A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given two opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"); Muhammad, 561 F. App'x at 836 (11th Cir. 2014) ("Because [plaintiff's] amended complaint was very similar to his original complaint, it is clear that he did not obey the court's order to produce a pleading that complied with federal standards."); Hart v. Marlow, No. 15-21257-CIV, 2015 WL 13740729, at *2 (S.D. Fla. July 31, 2015) (dismissing for failure to follow a court order when the plaintiff "knowingly

6

ignored the court's multiple orders instructing him on the filing requirements for his final amended complaint" and "failed to file a final, proper amended complaint"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. The Court provided Plaintiff with specific instructions for filing his First and Second Amended Complaints, and Plaintiff continued to fail to comply with those instructions. See Forde, 578 F. App'x at 879 (finding that pro se litigants are not excused from complying with court orders directing "the necessary contents and proper structure of [an] amended complaint" simply "by filing a complaint that states a claim against properly-named defendants"); Muhammad, 561 F. App'x at 836 ("[S]ince the district court warned [plaintiff] that his suit would be dismissed if he did not correct the complaint, and provided ample instructions on how to craft a proper pleading during this case and his previous two, it did not abuse its discretion in dismissing the case without prejudice."); Sturdivant v. Hetzel, No. CIV.A. 13-0556, 2014 WL 5323073, at *4 (S.D. Ala. Oct. 17, 2014) (dismissing without prejudice when plaintiff's second and third amended complaints failed to comply with court directives). Despite the Court's willingness to excuse Plaintiff's procedural mistakes and to provide multiple chances for Plaintiff to submit a proper amended complaint in compliance with the Court's directives, Plaintiff still has not done so. Additionally, the Court warned Plaintiff failure to do so may result in the dismissal of his case. Doc. 5 at 7; Doc. 17 at 3.

During the almost two years which this action has been pending, the Court has continually given Plaintiff "the benefit of the doubt." Doc. 26 at 3; see Doc. 12; Doc. 28. The

7

Court provided Plaintiff with multiple extensions and chances to fix the deficiencies in his Complaint. See, e.g., Doc. 5 at 4 ("However, the Court will provide Plaintiff the opportunity to amend his Complaint and [directs] Plaintiff to file an Amended Complaint within fourteen (14) days of the date of this Order." (emphasis omitted)); Doc. 17 (vacating the October 13, 2017 Report and Recommendation and directing "Plaintiff to file a Second Amended Complaint within fourteen (14) days of the date of this Order"); Doc. 26 at 6–7 (granting Plaintiff's Rule 60(b) motion and reopening the case even though "updating the Court of address changes is Plaintiff's duty" and "Plaintiff . . . fail[ed] to formally update the Court of his location after being transferred . . . in December 2017" because "transfers between correctional facilities [are] outside his control"); Doc. 28 (granting Plaintiff "an additional 30 days" to file an Amended Complaint when 15 days of the 21 day filing period passed by the time Plaintiff received the Order). The Court cannot continue to permit Plaintiff to ignore clear and direct instructions. Indeed, in light of the copious record in this case, doing so would permit Plaintiff to continue his action, despite his blatant and repeated disregard for the Court's directives. Thus, dismissal without prejudice for failure to comply with the Court's Orders is appropriate. Therefore, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of May, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA